UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| COREY ALAN BENNETT, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) No.: 3:14-CV-175-PLR-CCS |
| | ) |
| WAYNE CARPENTER[1], Warden, | ) |
| | ) |
| *Respondent*. | ) |

## MEMORANDUM AND ORDER

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Corey Alan Bennett ("Petitioner"). Petitioner has also filed a Motion for Appointment of Counsel [Doc. 2]. Respondent has filed a Motion to Consolidate with Case No. 3:14-cv-158 [Doc. 6].[2] For the following reasons, Respondent's Motion to Consolidate will be **DENIED as moot**, Petitioner's Motion for Appointment of Counsel [Doc. 2] will be **DENIED**, and Petitioner petition for a writ of habeas corpus [Doc. 1] will be **DENIED**. This action will be **DISMISSED without prejudice**.

**I.    Petitioner's Motion for Appointment of Counsel [Doc. 2].**

The constitutional right to counsel in criminal prosecutions does not apply to habeas corpus cases. *Barker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). Rather, the

---

[1] Petitioner, who was formerly housed at the Hardeman County Correctional Facility, has since been moved to the Riverbend Maximum Security Institution. As such, the Clerk is **DIRECTED** to change the name of the Respondent to Wayne Carpenter on the Court's CM/ECF docket sheet.

[2] Respondent has also filed a motion to substitute counsel [Doc. 7]. For good cause shown, this motion is **GRANTED**. The Clerk is **DIRECTED** to substitute Deputy Attorney General Jennifer L. Smith as counsel for the Respondent.

appointment of counsel for an indigent inmate in a non-capital case is discretionary, unless an evidentiary hearing is ordered. *See* Rule 8(c), Rules Governing Section 2254 Cases. In exercising discretion as to whether to appoint counsel, several factors should be considered, including the nature of the case, whether the issues are legally or factually complex, and a petitioner's ability to present his claims to the court. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Here, the claim presented in Petitioner's petition is not complex. Additionally, in light of the Court's decision to dismiss the petition, the Court finds that the appointment of counsel is not warranted here.

II. **Respondent's Motion to Consolidate [Doc. 6].**

Respondent has moved to consolidate this case with Civil Action No. 3:14-cv-158, arguing that Petitioner filed a substantially identical petition in that case [Doc. 6]. In light of the order dismissing Petitioner's petition without prejudice in that case, entered on March 12, 2015, *see* Civil Action No. 3:14-cv-158 [Doc. 19], the Court finds that Respondent's motion has been rendered moot and will, therefore, dismiss it.

III. **Petitioner's § 2254 Petition.**

Petitioner was convicted of contempt of court by the Knox County Circuit Court, Fourth Circuit [Doc. 1]. For this conviction, Petitioner was given a fifty-three day sentence [Doc. 1]. Petitioner now alleges that the detainer placed on him to serve his contempt sentence was illegal because the sentence has already expired [Doc. 1]. While Respondent did not file an answer to Petitioner's petition, the Court may take judicial notice of the facts contained in Respondent's motion to dismiss in Civil Action

No. 3:14-cv-158, Doc. 15.[3] Respondent's motion to dismiss in Petitiuner's related case states that Petitioner's state habeas proceeding challenging this conviction is still pending in state court. Civil Action No. 3:14-cv-158, Doc. 15.

A state prisoner's petition for a writ of habeas corpus will not be granted unless he demonstrates that he has exhausted his available state court remedies, or that there is an absence of state corrective process, or that resort to those remedies will be futile. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509 (1982). Each and every claim set forth in a federal habeas corpus petition must have first been presented to the state appellate court. *See Picard v. Connor*, 404 U.S. 270 (1971).

Here, the record indicates that Petitioner filed a state petition for habeas corpus relief in Knox County, Tennessee in April, 2014. The state petition raises the same claim that Petitioner now attempts to raise in his federal habeas corpus petition. Accordingly, because Petitioner has failed to bear his burden of showing exhaustion, Petitioner's petition for a writ of habeas corpus will be dismissed without prejudice.

## IV. Conclusion

For the reasons stated above, Respondent's Motion to Substitute Counsel [Doc. 7] is hereby **GRANTED**, Respondent's Motion to Consolidate [Doc. 6] is hereby **DENIED as moot**, and Petitioner's Motion for Appointment of Counsel [Doc. 2] is

---

[3] Rule 201 of the Federal Rules of Evidence allows a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this rule, a court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1).

hereby **DENIED.** A separate order will enter dismissing Petitioner's petition without prejudice,[4] *sua sponte*, for failure to exhaust.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Petitioner's petition is being dismissed without prejudice for Petitioner to re-file his habeas petition. Under the AEDPA statute of limitations, Petitioner will have one year after his state habeas proceedings have been completed to re-file his federal habeas petition, if he chooses to do so.